All right, good morning. We have United States v. Wegeler, and, um, good morning. You should speak into the microphone when you say that, if you wouldn't mind, so we have it on record. And please pronounce your client's name again, please. Sean Burns, Your Honor. Burns, Your Honors. Burns, O'Hearn, and Ugal on behalf of the relator Gene Charty. Charty. Okay, great. And would you like to reserve some time? I would like to reserve two minutes, Your Honor. Two minutes it is. Go ahead, sir. We have here today a case in which there's no question the government acknowledges that Ms. Charty was the cause of them collecting the $2 million in restitution that they did. That is, they've acknowledged that. It's in the transcript, an oral argument in the district court. So there's no question that she was the but-for cause of them being able to collect this $2 million in restitution. The position that the government takes is that because they ultimately elected to enter into a plea agreement that was for tax fraud, that somehow everything that happened over the course of seven years, everything that pointed toward a prosecution and an investigation, civilly and both criminally, into the claims under the False Claims Act. That's not really what they're saying. They're really saying that they brought a different proceeding and a criminal proceeding that is not an alternate remedy. And regardless of what she did, I mean, if you had an unjust enrichment claim or something along those lines, that would be one thing. But to claim a right to the proceeds here and to take a position and be considered a party, if you will, in this proceeding, wouldn't she have to show that this was an alternate remedy that they were pursuing? She does, and we do believe it is an alternate remedy for a number of reasons. In terms of it being a proceeding, I think if you look at all the facts, what really happened here, there was never an indictment. There was not a criminal prosecution being pursued from the time we filed our claim in 2010 until the sentencing in 2016, or actually in 2017, until the guilty plea in 2016. There was no proceeding. They eventually filed an information with the court in 2016 and announced that they had a plea agreement with Mr. Wegler. They wouldn't characterize that as a proceeding, criminal in nature? It's a proceeding in the sense that obviously there's something filed with the court, but everything else before then had been an investigation that focused on the False Claims Act charges. But tax fraud is a criminal offense, isn't it? It is a criminal offense, Your Honor. Just to characterize it, I mean, that's exactly what was taking place. The government was getting, had a plea agreement where it would be paid taxes that were fraudulently not paid. And the nature of the plea as a criminal one does not, in our interpretation of the statute, mean that she is not entitled to the restitution from that criminal plea. Certainly, if the plea had been mail fraud or wire fraud, that would have been consistent with the False Claims Act claims. And I don't think we'd be getting an argument that the criminal outcome is somehow not an alternate remedy or not the restitution paid. Well, you'd have a better argument if there was an overlay. I think that they, the government doesn't necessarily admit that, but they allude to the fact that it would be certainly a better circumstance if there was. But what I'm trying to reconcile is you have your ultimate remedy argument, but we have clear precedent that says a non-party lacks a judicially cognizable interest in a criminal defendant's sentence. And the fine arose as a result of the sentence. So how do you reconcile that? Well, I think there is the general rule, certainly, that you can't deem a criminal proceeding as an alternate remedy. But I don't think there is a case that has said definitely that a criminal proceeding can't be an alternate remedy under the False Claims Act. Well, if you don't have a judicially cognizable interest, how else would you characterize that? I don't get that. Well, the False Claims Act statute certainly envisions that there's going to be these tandem proceedings going forward, civilly and criminally. It even refers to the fact that the government can make an application to limit the participation of the relator so that either the criminal or the civil case can move forward. So the statute envisions that there's going to be this relationship. They, in the United States Attorney's Office, are investigating. They're pursuing a criminal investigation. One investigation, really, that has a potential criminal and civil outcome. But not a tax. This is different. This is a tax case. It became a tax case at the 11th hour. My feeling is they negotiated an outcome with this defendant based on the low-hanging fruit, the easiest claim, the tax fraud. My client, in her complaint, alleges at, I think, paragraph 59, that what Mr. Wegler did, or the Weglers and their company American Tutor, was they made or caused to be made a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the government. Now, they may not have used the term tax fraud, but that's exactly what the government got a guilty plea for. When you look at 3730, you don't say, voila, yes, this falls within it. You know, Ms. Chartier should recover. I mean, when you look at 3730, you know, a person may bring a civil action for a violation of 3729 for the person for the United States government. You know, we're talking in civil terms, civil action. How do we get to where you want us to get? Well, we've obviously focused on C-5 under the statute, where it does refer to the alternate remedy and uses the term any such alternate remedy. And there certainly is case law that has allowed for debarment proceedings to be considered an alternate remedy. There's cases where there's acknowledgment that the restitution being awarded in a criminal proceeding could be available to a relator. But doesn't this lead to situations where you'd be second-guessing the government's judgment? So let's say the government said, you know, it would be too difficult to amount to a particular proof. So we're only going to go for, instead of $2 million, we're going to go for $100,000. You'd get a relator saying, you know, government, and I'm not quite sure what the proceeding would be, but, you know, government, you should have gotten more money. So we're going to sue for a greater recovery. I presume you'd say, well, maybe we'd go back to the civil potential remedy in that circumstance. But the one that I'm outlining is certainly possible. Yeah. I would agree if the government followed what is envisioned by the statute, meaning you get 60 days to investigate, and if you want to take the case, you take the case. Here, after two years of an investigation, I made an application to unseal the case and bring it forward because time is passing, memories are fading, I know I have good claims, I want to move forward. They submitted two briefs to the court opposing that application saying, no, no, no, our civil investigation is expanding, we're going into other districts, we've hired more people, we're going forward, please judge, give us more time. I eventually said, okay, we'll give you more time. Five more years go by where my claims are getting staler and staler, the facts are getting tougher and tougher to prove, but based on the assurances that we are in this, we're moving forward, I'm having those conversations. We go ahead and allow them to continue. At the end of the day, and I really do believe the tax fraud part of this was nowhere on the scene until at some point, I don't know if people transfer or whatever, somebody picks up a file and says, we've got to get rid of this case, we've got to do something here, and says, okay, tax fraud is easy, we got it, let's get them on tax fraud. That's not fair. And my client, just to get to the overlap point, I think, which is important, when my client got sued by these people for defamation because after they fired her and she lost her job, I had to defend that case, and we made an application to get the records from Asbury Park School District, which was where all this started. We got those records, and after having to go up on appeal in that case, and then we gave them to the government. And then the government pursues a tax case, where in the tax case, if you look at the information, it says they exaggerated, I don't remember the exact term, but inflated $3 million. So how do we cabin this so as not to open the door for everybody who this happens to, that the government goes a different way? I mean, isn't your, as I recall, your motion to intervene said, okay, I don't want to intervene in the prosecution. He's already pled guilty. Okay, so that piece is going. We're not intervening in the criminal proceeding as such, but there's a pot of money. There's a pot of money here, and I want to know that kind of a la bistig. You know, you've got incentivized people, you can't let money be dissipated, and then I prove it to Ketam, and there's nothing there. All I want you to do is just hold this pending my proof in Ketam so that I get a share of the assets that, a lot of these assets he didn't even have. The family comes forward with money to put this together, as I understand it. The judge at sentencing says, and thanks to the family for coming forward with some money. I mean, isn't that your best shot to try to say this is not your run-of-the-mill situation? I assume he's going to be judgment-proof. There's only a finite amount. You can't do this to a relator. It's where the government then switches gears. Yes, Your Honor. None of the cases that are out there ever involve, as far as I can tell, a relator jumping into the middle of a criminal prosecution. It's always at the end, forfeiture, restitution, whatever the case may be. That's where the main event takes place in terms of the intervention. And there are, I think there are a number of factors that a court could formulate a test to say, how long has the investigation gone on? How, because in reality. And who did it, and who produced the results, if you will. Right, and where did the records, how cooperative was the relator? Was that complaint filed, unlike in many of the cases cited, was that complaint filed in the beginning? And did they rely on it? Have they acknowledged that, yes, but for her, we don't get this tax restitution. Your worry is that if you don't intervene in this case, in this tax case, you're not going to get anything at all. Is that fair to say? It's also, it's a little more than that. They've destroyed our case by making us wait seven years. I mean, the reality is. This is your only option. At this point, and had they. But you agreed to stay, to stay there, their right to intervene, right? Yes, Your Honor, I did. I did because. Believing they were acting in good faith or whatever. There was never any mention of tax. It was always, we're moving forward, we're hiring more people. Hand in hand. Okay, so let's change the facts a little bit. Let's say you brought the case. And they looked at the file upon your, at your suggestion. And they said, you can pursue the civil case, we're doing a tax case. They did that after six months. What does that do to your argument? Because I'm still waiting for the 3730 argument. But let's focus on what I. Certainly, it makes my argument a lot tougher. I'm almost arguing that the government is, in a sense, stopped. After everything they did for so much time. Leading us to believe, letting the case move. Letting the investigation go on and on. Blocking me when I try to take the case back over. So we get back to equity and unjust enrichment, et cetera, et cetera. So that's the rule? That's not the rule. I think there could be a number of factors that, in unique circumstances. Just like in that Farah House case, that court said, listen. We're not saying that every debarment and suspension proceeding can be an alternate remedy. But these are unique facts. And in this set of unique facts, that proceeding. How about an injunction? Just go back to my hypothetical. So you would concede, then, if they were prepared and informed you of bringing a tax action within a year. It sounds like your argument would just fall away. I don't know that it would fall away. Because in that hypothetical, I'm not. Does the hypothetical assume that they. I'll give you more facts. There's no overlay, just like here. They're going to do a tax case. I understand you're going to say, but we led you there. But whatever. But, you know, you're able to pursue the civil remedy. I'd have been done three years ago. I mean, my case had been in over after two or three years. So then why isn't the better rule that you, you know, 3729 and 3730 working together. Say that there's no involvement in a criminal proceeding. Isn't that a cleaner, more. We're more able to apply that rule. It's obviously cleaner, except it doesn't effectuate the purposes behind the statute. The whole idea of the statute is the changes in 1986 were to make people like Jean Charity come out and go through what she went through in this case, which is incredible. And to encourage them in a civil context. Let me ask you a question. Is the money still there? I'm not sure if it was being held in account, but as I I've read there. Couldn't you bring an injunction. Against the dissipation against the, the paying over of that money pending your completion of your key. Based on ingest enrichment and go into equity on that basis, rather than intervening. And a criminal proceeding, which is going to be something as tough to. I think when we filed our motion, that was, we did ask for a stay essentially to freeze those funds as I read their forfeiture manual. And you said you wanted limited relief. Yes, very limited. I thought that you didn't bring up this state state of payment of the fine until your reply brief. That wasn't in your original brief. I don't think that's what that's essentially what we're talking about. What I was referring to was the motion in front of the federal court when we first moved. One of the things in our order was seeking a stay. And we also submitted an order to that. We filed in both the civil and criminal in the civil court saying we want the opportunity to make an application under the False Claims Act. To for our share of that. So we tried to cover our basis as best your basis is your basis for intervening the False Claims Act. It is the alternate remedy. It definitely is the alternate remedy. And I'm essentially arguing that under these unique facts, that restitution has to be considered an alternate remedy because of these facts. And just on the overlay point, if I may, Your Honor, because I don't accept that there's no overlay. Again, we gave them all kinds of records. I subpoenaed records from school districts. Those records show their billing practices. A lot of stuff's in there. They took those records. They then relied on those records. I don't know what happened internally in their criminal offices, but they came out of that with a tax fraud. And under those circumstances, I think to say that there's no connection between the relator's conduct and that she doesn't deserve her share when a lot of those records were presented to the government by her. But that would mean, if we followed that logic, that every relator, I'm so sorry, every time a criminal proceeding arose from a civil action by a relator, that they have access to whatever money arose from the criminal proceeding. Because there's always going to be the argument that there was some overlap because the documents that you produced or that you received in discovery were turned over to the government and the government used them in some way. I would disagree. Many of these cases, and I think of Van Dyck, the case out in the Ninth Circuit, that key tamax was filed a year after the investigation started. A lot of the cases, the relators take the information and then file when the government's already onto things. It's a pretty good case for the government. Why shouldn't it apply here? I'm sorry, Your Honor? It's a pretty good case for the government. Why shouldn't it apply in this case? I don't think it applies here, obviously, for the reason, as stated in our brief, that in that case, as I just said, the relator filed a year after the government had started. The court cited that as a reason for them. There's nothing in the False Claims Act that affords relators the right to intervene in a criminal proceeding? Well, there's language that says any proceeding. It doesn't say any proceeding but a criminal proceeding. No, it says only alternate. In a criminal proceeding. It doesn't include criminal proceeding. It says any alternate. And then it specifically mentions administrative, and I believe that's because in the year that they wrote that, they had added now the administrative penalties. So they wanted to make clear those are included. Just one last question. So it would be, if you were correct, that you, in this criminal proceeding, you would have that court determine how much you're entitled to receive as a result of your being a relator? I don't necessarily disagree with the government that the federal civil judge handling the civil case can make determination of what the relator is entitled to. But I do believe that... You just want to hold the place there and hold the money there, and then you go back to the civil federal court, have the amount that you're entitled to determine, and then you would go back to the criminal court to enforce that judgment? Well, I think, depending on where the funds are, as I read their forfeiture manual, the funds go into one big fund. And so I think their argument would be there's no need for a stay because they could just pull the money out of the fund. That's in their procedures. So again, had this proceeded in the way that's envisioned under the statute, I think it would be a difference. These are very, very unique facts, given what has happened here. Given in the press release that was issued when they sentenced him, they thanked the Department of Education investigators. Those are the guys who spoke with my client and started this whole thing off. The connections here are all over the place. And if the procedure is going to be the government gets to do whatever they want for as long as they want, and then at the end of the day, they choose what the plea agreement is, I feel that's the tail wagging the dog because they have an incentive to go tax fraud. Because guess what? $2 million that were in the pockets of these defendants is now unavailable, if we accept their interpretation, unavailable for my client. And they controlled that outcome by pleading. They have to be the decision maker. I mean, they've got to be able to choose whether they're going to pursue a tax case. It can't possibly be that your client becomes the first consideration. Because your client is only acting on behalf of the government and the civil action anyway. I'm fine with them choosing, but giving all of the involvement, turning them on to these people, her providing records, her going up there cooperating, them opposing her records to take a risk. You're really asking for an extraordinary remedy. You're asking for us to read into two statutes, criminal proceedings, and I get the equity argument, but you're asking us to really change the way we look at relators as it relates to criminal matters. So we'll get you on rebuttal. Okay. Thank you, Your Honor. May it please the court, we'll have him in on behalf of the United States. The only issue that this court needs to resolve on appeal is the issue that the court in the Ninth Circuit decided in Van Dyke. Which is, and I quote, the alternate remedy provisions of the False Claims Act do not permit a relator to intervene in a criminal action for the purpose of asserting a right to the proceeds of that action. Now this court does not need to address the distinct question of whether and in what circumstances a criminal proceeding can qualify as an alternate remedy. The guilty plea has already been taken though. There's really no, and there's been restitution ordered. There's not much of a proceeding. In terms of the criminal proof or sentencing or anything like that, it's pretty much a done deal, all but distribution of the money. That was also true in Van Dyke, and what the Ninth Circuit said in Van Dyke is that third parties just don't have a cognizable interest in the prosecution of someone else or in the sentencing. So you're urging us to follow the Ninth Circuit, really? That's right, Your Honor. But I think that the Ninth Circuit got it exactly right. Actually, you're urging us to follow Stohr, aren't you? Which is one of our cases that says exactly the same thing. Well, that's right. And Stohr says, I mean, Stohr was a restitution case. But in that case, at least arguably, the interest of the victim in that case who was claiming restitution was much stronger than the interest that's being asserted here. I mean, that was a person who was entitled to restitution by statute, a victim of the crime. But your case is over, isn't it? I mean, there really is no criminal prosecution that's going to be taken. Well, right now that's true. And I suppose at the time that Ms. Charty sought to intervene, that was true as well. But again, the same thing was true. What's the status of the government's case? The status of the government's case in the criminal prosecution? Yes. It's over. It's over. It's over. So all you have is your right to collect back taxes. We collected restitution. The defendant in the case, Wegler, gave restitution before the sentencing proceeding. That's right. But our primary focus here is on ensuring that it is not through intervention in a criminal proceeding, but in any other proceeding, through which these questions of the alternate remedy are raised. Rather, they are directed to the court in the False Claims Act suit, which is familiar with the suit and which can adjudicate these questions in due course. And that stems just from the language of the alternate remedy probation itself. Steve, do you deny that over the course of the years, all this information was given to you based upon the belief that you were going to be deciding whether to intervene and move forward with this? I mean, this is a very unusual key time. Usually, the relator comes along, a little bit Johnny come lately. She did all the investigation. It really is in just enrichment for the government then to take all the money that this guy has when she's produced it. Well, I disagree with that characterization. All right. How would you characterize? Well, I mean, it is very often the case that a relator will bring facts to the attention of the government. And then it is built into the statute that the government then investigates the allegations of that complaint to see whether she did it all for you. Well, that's not true. I mean, certainly with respect to the crime for which Mr. Wegler was convicted, the tax offenses. I mean, nothing in her complaint implicates tax fraud. Nothing about the allegations in her complaint tax fraud. But all the data that you got, things that she had uncovered, were used in the tax evasion trial. I mean, I certainly don't want to dispute that we would not have – Mr. Wegler would not have been on the government's radar were it not for Ms. Chart's False Claims Act complaint. That is certainly true. Is it just radar or is it everything that she disclosed to you was really the sum and substance of your proof in the criminal trial? It would have been. You got him to plead guilty. But again, I mean – What independent investigation did the government do? The government conducted a long independent investigation to determine both whether to intervene in the civil suit, which it ultimately decided not to do, and whether to bring criminal charges on the basis of the allegations that Ms. Charty brought to the attention of the government. The government concluded not to do that, and it's in the government's discretion, as I think Judge Greenaway alluded to earlier. It is certainly within the government's discretion to prosecute for the crime that it thinks is most appropriate to prosecute for, and it would be quite extraordinary if the mere fact that a relator brings a False Claims Act suit precludes the government from pursuing the crime that it thinks is most – Well, it's not just the mere fact here. There's more here. Wouldn't this disincentivize relators from bringing key TAM actions? And isn't it to benefit the government to incentivize them? Well, I don't think so. And again, I want to focus on what we are primarily arguing here, which is that this is not a question that ought to be adjudicated by virtue of intervention in a criminal proceeding, which is a rather extraordinary – which is a rather extraordinary, I think, remedy for what Your Honor is talking to. Rather, these are questions that should be directed to the False Claims Act suit, which remains pending. And so if all Ms. Charty needed to do – It's delayed because of the government's delay, isn't it? If I remember correctly, it's been out there for about seven years. Because it took a long time for the government to decide what it was going to do. That's right, and that is built into the statute. The statute contemplates that the government can put a civil complaint on hold, particularly when it's a civil complaint sort of brought in the name of the government, can put a civil complaint on hold for the purpose of determining whether or not to intervene in that complaint, for the purpose of bringing criminal charges. Has the government obtained a judgment regarding the tax liability? Yes, it has. What was the amount? The amount paid in restitution was $1.5 million. Would the government oppose an injunction based on unjust enrichment that asks for a portion of those funds? Yes, the government would, but that would be an injunction not sought, again, through intervention, but rather sought through the KTAM proceeding. That's the way the statute was built to operate. It's baked into the alternate remedy provision itself. It says that the government, in its discretion, the alternate remedy provision is about giving the government discretion how it pursues claims for fraud. And it says that the government has discretion to pursue an alternate remedy, and if it does, then the findings of fact and conclusions of law in that alternate proceeding are deemed conclusive in the False Claims Act case. Could the government be brought back in via the KTAM case that is now pending? That's right. So all Ms. Chardy needed to do, or needs to do, is make a motion in the KTAM case saying, we think that the government pursued an alternate remedy here, we think we're entitled to a cut of that money, and many of the difficult questions that the court has been grappling with this morning could be addressed that way, rather than through intervention in a criminal proceeding, which this court has said is not appropriate, even in the case of a victim, which the Ninth Circuit, in precisely identical circumstances, has concluded is inappropriate. And we think that is how this question should be resolved. Now, Judge Rendell, we would oppose that motion, and the reason that we would oppose the motion is because there's no overlap. I mean, as Judge Greenaway alluded to earlier, this is a relatively easy case with respect to the alternate remedy provision, because there's no overlap between the allegations of Ms. Chardy's complaint, which were about overbilling the Department of Education, and what he was ultimately prosecuted for, and what he ultimately paid restitution for. So what would the circumstance be if, let's say, her allegations were, you know, they're running this educational service, and I know for a fact that they're not paying their taxes, okay? So they bring that to you. That, we'd agree, right, for these purposes, there's overlap, right? So how would you see this circumstance playing out? I presume you'd continue to say no intervention in a criminal proceeding. Absolutely. You'd say alternate remedy, but would you say alternate remedy come into the, let's discuss that overlap and whatever comes out of it in the civil context? That's right. And that's how the courts have always addressed this. I mean, the Heffner case out of this circuit was a case in which a relator, you know, came to the False Claims Act court and said, hey, I think that the government has pursued an alternate remedy. The False Claims Act court then rejected that argument, said no, they didn't pursue an alternate remedy. It went up on appeal. This court affirmed. That was true in, you know, the Barahas case out of the Ninth Circuit, the Babaloa case out of the Fifth Circuit. That's how this normally operates. It is always the court in the False Claims Act case that adjudicates that question. Now, Judge Greenaway, that would be a more difficult case for the government. We still think that it wouldn't be properly conceived of as an alternate remedy for a couple of reasons. Because it's criminal. Because it's criminal and an alternate remedy, as the courts that have, you know, discussed the issue have said, an alternate remedy is a remedy that effectively takes the place of the civil judgment. And we know because Congress built it into the statute that pursuit of a criminal conviction doesn't take the place of a recovery for civil fraud. It's a very different case, though, because you relied so much on the relator's information. In fact, but for that information, you would have had no case. So even if it were true that but for that information, and I don't want to downplay, you know, the independent investigation that the Department of Treasury rather than the Department of Education conducted in this case, which is, you know, what was ultimately prosecuted. But even if it were true, every court that has faced that kind of but for causation argument has rejected it. And as I think, again, Judge Greenaway alluded to earlier, in many, if not most, False Claims Act cases, it will be the relator that brings some information to the attention of the government. And then the government has to decide how to proceed with that. And what Congress, how Congress envisioned the scheme would work is it envisioned that the government could pursue criminal proceedings, could collect whatever it collected in those criminal proceedings. And then the tradeoff is in the estoppel provision of the False Claims Act, the tradeoff is that then that stops the defendant from disputing the underlying allegations of the fraud. So it makes the relator's arguments much easier. But again, one of the things that we know is true. I mean, this is another reason why I think it's necessary that it be the court in the False Claims Act case, rather than the criminal proceeding that adjudicates this question. Because in Hefner, this court said, if nothing else, you need a valid key tam suit in order to collect an alternate remedy. Alternate remedy, you get the same rights you would have in your key tam suit. So if you would have no rights in your key tam suit, you can't collect. There is now a motion to dismiss in the key tam suit. The defendant has filed a motion to dismiss. If the court grants that motion, if the court. The defendant, the government? No, not the defendant. So this is the defendant. The government has declined to intervene. So it is now a suit between the relator as plaintiff and the defendant, Mr. Wegler, the same person who was convicted. He's moved to dismiss. If the court grants that motion, there will be no key tam suit. And so we know from Hefner that Ms. Chardy will not be entitled to recovery. You're suggesting, though, that it would be pointless for the relator to bring in the government in the case. Well, we would oppose it. And then the district court could adjudicate that question and could decide whether or not the government was right. But that's how we think that it ought to operate, not by virtue of intervening in a criminal case, which is, you know, we think all but unprecedented. Certainly in these circumstances, all but unprecedented. If the court has no further questions, we urge the court to affirm. Thank you very much. Thank you. It's not an easy case. I would wholeheartedly disagree with the statement that deciding whether Ms. Chardy had an alternate remedy was an easy case. They are ignoring the purpose behind the statute. And they are looking at, again, and I don't want to beat a dead horse, but the outcome as determinative of everything else without looking into what actually happened and what was provided to them and the cooperation of Ms. Chardy. And, yes. Do you know about an investigation that they performed, Treasury investigation? Are you aware of that? I didn't. I found out that there was a tax component of this when the gentleman I dealt with at the civil side called me and said, there's been a guilty plea. And, of course, I said, what does that mean for us? And he said, I'm not sure. I ended up writing a letter to the criminal division, a lengthy letter saying, just so you know, this is the history of this thing. Never got a response. Never got a phone call. Nothing from the U.S. Attorney's Office. You have absolutely no idea the nature and extent of what the tax investigation was? I don't. And that's the point. They get to hold all the cards, keep all the information. And at the end of the day, we don't know whether a lot of the things that were in the civil investigation or the facts relating to the fraud. Remember, my client is telling them they're billing for students who aren't in the class. They're billing for students who aren't even in the program. They're billing for students who don't show up. And they're just billing based on whoever signed up. My only point is not to downgrade the important and valuable contribution of your client. But you have absolutely no idea what goes into a criminal tax prosecution. And there's no need to speculate about that other than there was a valuable contribution. And they used it. There's no sense speculating that you put the whole case together for them. It's not necessary. You should be compensated for a contribution. That's the point, right? I think I can say that even based on my conversations with the investigator involved, the tax component was a late entry in the game. But yes, I have no idea. Still, why can't you go back to the QTAM court? You're going to go back there anyway, aren't you? I thought you said... It's a pending case. You need a determination of how much you're entitled to. We did, when we filed our motion, submit that request to that court. But the criminal court's not going to do that, right? I'm sorry? The criminal court's not going to determine how much you're entitled to. What you're seeking is to hold in place the tax, the back taxes that the government recovered. Go to the QTAM court, get a determination of entitlement and how much, and then see if you can enforce that against the tax collection. Is that accurate? It's accurate, except that what I'm asking today is a determination that, given these facts, that restitution is in fact an alternate remedy. Because what's going to happen is... Can't the QTAM court make that determination? Well, they'll come into that civil case and say, no overlap. So therefore, and we're going to be right back where we are now... No, no, you've got to answer the judge's question. It's either the QTAM court or it's the criminal court. Doesn't it make more sense for the QTAM court to make that decision? I believe it does when it comes to my client's share. But I believe I will also be arguing there again that under these facts, this restitution, this guilty plea is an alternate remedy. We don't need to know anything else. Just based on these facts, that's an alternate remedy. Seven years later, she really doesn't have a civil case anymore. There are unique enough facts here based on them blocking her unsealing the case and all the things I've already mentioned to justify determining that's an alternate remedy. So you don't trust that the QTAM court can make the decision that this is an alternate remedy? Oh, it's the same judge, both cases. So I certainly trust Judge Thompson to make the call on that. I'm just saying that I'll be arguing to her and I'm arguing now. This outcome in that case, the criminal case, was an alternate remedy. I shouldn't have to go back and now the investigation that I don't have access to and don't know what they relied on to prove because they're going to come in and say, I actually forgot it's the same judge. We pled tax fraud, so therefore, that's it. Thank you so much. Thank you, Your Honor. Thank you, counsel, for a well-argued case. We'll take it under advisement.